UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DAVID SPENCER, #17A0474,

                               Plaintiff,

       -against-

NORTH SHORE UNIVERSITY HOSPITAL,
DR. STEVEN ALLEN, DR. CRAIG DEVOE,
DR. ABRAR HUSAIN, DR. MONIQUE JONES,

                              Defendants.
----------------------------------------------------------------------X

FILED
CLERK
7/13/2017 1:09 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM & ORDER**
17-CV-03723 (JMA)(SIL)

**AZRACK, District Judge:**

      On June 16, 2017, incarcerated pro se plaintiff David Spencer ("plaintiff") filed a complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against North Shore University Hospital, Dr. Steven Allen, Dr. Craig DeVoe, Dr. Abrar Husain and Dr. Monique Jones ("defendants") together with an application to proceed in forma pauperis. Upon review of the declaration accompanying plaintiff's application to proceed in forma pauperis, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C § 1915(a)(1). Accordingly, plaintiff's application to proceed in forma pauperis is granted. However, for the reasons that follow, the complaint is sua sponte dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1).

1

## I.     BACKGROUND[1]

Plaintiff's brief complaint is submitted on the Court's civil rights complaint form. In its entirety, the Statement of Claim alleges:[2]

> I am putting a claim in on behalf of my wife Christina Grant-Spencer. She had renal failure due to having a set of twins at North Shore hospital. A lot of mistakes was made by her Gyn and also other doctors. She was given the wrong medical treatment and medications numerous times. She was later given pain medications to keep her sedative. She became a ginnie pig. The hospital told her they couldn't help her no more. She later pasted away April 22, 2015. She left behind four children and a husband.

(Compl. at ¶ IV.)   Plaintiff claims as injuries:

> Conscious pain & suffering. Loss of the nurture, guidance & training for my children. A child growing up without a mom. Also my wife was unable to have sexual relations and were no longer socially active. I also lost my job due to absent back in forth from the hospital. Taking care of the children by myself.

(Compl. at ¶ IV.A.)   For relief, plaintiff seeks an award in the amount of $25 million dollars.   (Compl. at ¶ V.)

## II.     DISCUSSION

### A.     In Forma Pauperis Application

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

### B.     Standard of Review

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519,

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather, the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

C.   **Pro Se Authority to Litigate**

Pursuant to 28 U.S.C. § 1654, **"**[p]arties may plead and conduct their own cases personally or by counsel . . . ." Generally, "an individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" Machadio v. Apfel, 276 F.3d 103, 106 (2d Cir. 2002) (quoting Iannaccone v. Law, 142 F.3d 553, 558 (2d. Cir. 1998)). However, an exception to this general rule lies where the interests of an estate are involved. The Second Circuit has instructed that, "[t]he administrator and sole beneficiary of an estate with no creditors may appear pro se on behalf of the estate." Guest v. Hansen, 603 F.3d 15, 21 (2d Cir. 2010) (emphasis

3

added). "Conversely, 'an administrator of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant.'" Naughton v. Naughton, 11-CV-2865, 2011 WL 3701972, at *2 (E.D.N.Y. Aug. 23, 2011) (quoting Huertas v. City of New York, No. 05-CV-6236, 2006 WL 3420828, at *1 (S.D.N.Y. Nov. 27, 2006) (citing Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997)).

In this case, plaintiff's sparse complaint does not allege that he is the administrator or sole beneficiary of his wife's estate. Indeed, plaintiff alleges that he and the decedent have four children, suggesting that those children may also be beneficiaries. Further, the complaint does not allege that the estate lacks creditors. Therefore, plaintiff has not demonstrated that he is authorized to litigate the claims of his wife's estate as a pro se litigant. In order for the complaint to proceed, plaintiff must demonstrate that he is the sole beneficiary of his wife's estate and that there are no creditors of the estate. Absent that showing, the estate must retain counsel to pursue the claims alleged herein. However, the Court lacks subject matter over the claims alleged for the reasons that follow.

**D.      Subject Matter Jurisdiction**

Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases in the absence of subject matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700–01 (2d Cir. 2000). This jurisdictional requirement cannot be waived and may be raised at any time by a party or by the Court sua sponte. Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01; see also Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction bears the burden of proof. DiTolla v. Doral Dental IPA of N.Y., 469 F.3d 271, 275 (2d Cir. 2006).

Here, plaintiff used the Court's Section 1983 complaint form and presumably seeks to

4

invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." "A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (internal quotation marks and citations omitted). A plaintiff properly invokes § 1331 jurisdiction when he or she pleads a colorable claim "arising under" the Constitution or laws of the United States. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). A claim alleging federal question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n. 10. Although courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980), pro se litigants must establish subject matter jurisdiction. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing pro se complaint for lack of subject matter jurisdiction).

To the extent that plaintiff seeks to invoke this Court's federal question subject matter jurisdiction by alleging a violation of Section 1983, he has not pled a colorable claim. Plaintiff includes no facts to support a claim that any of the defendants' alleged actions violated the Constitution. Nor does plaintiff allege that any of the defendants, who all appear to be private parties, acted under color of state law, as is required to state a plausible Section 1983 claim. Matusick v. Erie Cty. Water Auth., 757 F.3d 31, 55 (2d Cir. 2014) ("Under 42 U.S.C. § 1983, an individual may bring a private cause of action against persons 'acting under color of state law' to recover money damages for deprivations of their federal or constitutional rights.") (quoting

5

Section 1983). Thus, even affording the pro se complaint a liberal construction, it is clear that plaintiff has not stated any colorable federal claim and has failed to establish that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

In an abundance of caution and in light of plaintiff's pro se status, the Court considers whether the Court has subject matter jurisdiction under the diversity of citizenship statute, 28 U.S.C. § 1332. To establish diversity jurisdiction, there must be complete diversity of citizenship between the plaintiff and the defendants. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). This means that plaintiff cannot be a citizen of the same state as any of the defendants. St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."). Here, plaintiff is an individual who is alleged to reside in Malone, New York.[3] Plaintiff alleges that each of the defendants is located in and/or employed within Nassau County, New York. (See Compl. at ¶ III.) Based on the information provided by plaintiff, the parties are all domiciled in New York and therefore diversity of citizenship is lacking.[4] Accordingly, plaintiff has not established this Court's subject matter jurisdiction under Section 1332. Again, although courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes, 449 U.S. at 9, pro se litigants nevertheless must establish subject matter jurisdiction. "[I]t is well-established that '[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 323 (2d Cir. 2001) (quoting Advani Enter., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998)).

---

[3] Although "a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile," Lumumba v. Marquis, 13-CV-69, 2013 WL 5429429, *3 (D. Vt. Sept. 30, 2013) (internal quotation marks and citation omitted), plaintiff has not provided any information concerning his pre-incarceration domicile. However, given that plaintiff alleges that his wife was treated at North Shore University Hospital in Manhasset, New York, the Court reasonably presumes that plaintiff's pre-incarceration domicile is also New York.

[4] Although the complaint does not actually use the term "domicile", the pro se plaintiff has included New York addresses for all of the parties and the Court therefore concludes that diversity of citizenship is lacking.

Because subject matter jurisdiction does not exist under either Section 1331 or Section 1332, the complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**E.      Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint . . . ." Boddie v. New York State Div. of Parole, 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, even if the deficiencies could be remedied by amendment, the complaint appears to assert a medical malpractice claim, a matter which is appropriately brought in state court in the absence of diversity of citizenship. Accordingly, the Court declines to grant plaintiff leave to amend the complaint. However, plaintiff may pursue any valid claims he may have against the defendants in state court.

### III.     CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted and the complaint is sua sponte dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).   Plaintiff is denied leave to file an amended complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                        _____/s/ (JMA)_____
                                                                        Joan M. Azrack
Dated:   July 13, 2017                                       United States District Judge
             Central Islip, New York